UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 3:15-919-J-39MCR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM T. BRANDON, ) | **MOTION FOR ENTRY** |
| ) | **OF DEFAULT JUDGMENT** |
| ) | |
| Defendant. ) | |

The undersigned counsel, on behalf of Plaintiff, the United States of America, moves this Court for entry of default judgment as to Defendant, William T. Brandon, upon the complaint heretofore filed and served upon the Defendant, in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure.

Plaintiff will rely upon the annexed Memorandum of Law, together with the materials attached hereto, in support of this Motion.

MEMORANDUM OF LAW FOR DEFAULT FINAL JUDGMENT

1. As more fully set forth in the Declaration for Entry of Default filed on behalf of Plaintiff herein, the Defendant has been duly served with the Plaintiff's Summons and Complaint in accordance with provisions of Rule 4(c)(1), Federal Rules of Civil Procedure, and has failed to answer or otherwise formally respond within the time period prescribed by Rule 12(a) Federal Rules of Civil Procedure.

2. The default of the Defendant has been formally entered by the Clerk of this Court. A copy of the default is attached hereto as Exhibit "A".

3. Pursuant to the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, this court is empowered to enter default judgment against the Defendant for relief sought by Plaintiff in its complaint, and written notice of this action has been given to the Defendant.

4. Attached hereto and made part hereof is a copy of the Certificates of Indebtedness, duly sworn to

and subscribed, prepared and submitted on behalf of the Department of Education, an agency of the United States of America, on whose behalf this action is brought. See Exhibit "B". The original certificates were filed with the complaint. As of September 18, 2015 there is due and owing to Plaintiff from Defendant the following sums:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| 2011A61149 | 3.12% | $8,045.96 | $4,648.37 | $12,694.33 |
| Fee for Service | | | | $45.00 |
| Attorney's Fees | | | | $980.00 |
| Total | | | | $13,719.33 |

Interest accrues thereafter to the date of entry of judgment in accordance with the provisions of 4 C.F.R. §102.11, and together with costs taxed in accordance with the provisions of 28 U.S.C. §1920, as specified by 28 U.S.C. §1921, as set forth in the attached Invoice, Exhibit "E", and attorney's fees as itemized in Exhibit "D", pursuant to the Promissory Note (Exhibit "F") which states:

> "I promise to pay to the U.S. Department of Education, all sums (hereafter "loan" or "loans") disbursed under this Promissory Note, plus interest and other fees which may become due as provided in this note. If I fail to make payments on this Note when due, I will also pay collection costs, including Attorney's fees and court costs."

The loan obligation was made by the Department of Education under the Title IV-B of the Higher Education Act of 1965. Under the Higher Education Act of 1965, 20 U.S.C §1071 et seq., (the "Act"), the Government is entitled to attorney's fees. The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay… reasonable collection costs." 20 U.S.C. § 1091a(b)(1); United States v. Vilus, 419 F. Supp. 2d 293, 296-97(E.D.N.Y. 2005). One of the statute's implementing regulations specifies that "[i]f a borrower defaults… the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 685.202(b). In turn, 34

C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include…[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8).

Thus, under 20 U.S.C § 1091 a(b)(1), and its implementing regulations, the Government here is entitled to attorney's fees. See United States v. Puerto, No. 12-24194- Civ-Graham/Goodman, ECF No. 17 (S.D. Fla. Sept. 9, 2013), report and recommendations adopted, No. 12-24194-Civ-Graham/Goodman, ECF No. 19 (S.D. Fla. Sept. 23, 2013); United States v. Cafolla, No. 5:12-CV-0127 GTS/DEP, 2012 WL 2469968 (N.D.N.Y. June 27, 2012) (stating that the legal basis for the Government's entitlement to attorney's fees is 34 C.F.R. § 30.60(a)(8), but declining to award the Government attorney's fees because it did not submit any evidence substantiating its attorney time or rate).

WHEREFORE, Plaintiff requests the entry of default judgment against Defendant, William T. Brandon, for the amounts due and owing to it, and has attached hereto a proposed form of Default Judgment.

## BILL OF COSTS

1. Plaintiff, the United States of America, is entitled to recover of Defendant, William T. Brandon, as its costs in this proceeding, the following statutory costs for the litigation of this action, and makes no claim for fees, disbursements or costs other than as set forth below:

A. Fee for Service and Travel,
   per 28 U.S.C. Sec. 1921          45.00

         TOTAL                      $45.00

CASE NO.: 3:15-919-J-39MCR

I, Steven M. Davis, do hereby certify that the statements and allegations set forth in the foregoing Motion, Memorandum and Bill of Costs are true and accurate to the best of my knowledge and belief.

Dated: December 31, 2015
Miami, Florida

Respectfully submitted,

_____
Steven M. Davis,
Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
121 Alhambra Plaza – 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff
United States of America

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing was served by Regular US Mail to William T. Brandon at 3140 Tall Pine Lane West, Apartment #8, Jacksonville, FL 32277 on 31 day of December, 2015.

_____
Steven M. Davis

ACTIVE: U06092/093890:7965677_1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

V.                                          Case No: 3:15-cv-919-J-39MCR

WILLIAM T. BRANDON,

    Defendant.

## ENTRY OF DEFAULT

Pursuant to Fed.R.Civ.P. 55(a), default is entered against the Defendant, William T. Brandon in Jacksonville, Florida on the 17th day of September, 2015.

SHERYL L. LOESCH, CLERK

/s/ Patricia A. Morawski
Deputy Clerk

Copies furnished to:

Counsel of Record



EXHIBIT A

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

William T Brandon
Aka: William Brandon

Account No.

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 12/18/2015.

On or about 07/03/1997, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 and $3,745.00 from the U.S. Department of Education. These loans were disbursed for $2,625.00 and $3,745.00 on 07/16/1997 through 12/10/1997 at a variable rate of interest to be established annually. These loans were made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the BORROWER defaulted on the obligation on 03/04/2003. Pursuant to 34 C.F.R. § 685.202(b), a total of $1,743.99 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $958.86 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $8,045.96 |
| Interest: | $4,648.37 |
| Total debt as of 12/18/15: | $12,694.33 |

Interest accrues on the principal shown here at the current rate of 3.1200% and a daily rate of $0.69 through June 30, 2016, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: December 18, 2015

Christian Lee Odom
Senior Loan Analyst
Litigation Support Unit



EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 3:15-CV-919-J-39MCR

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| WILLIAM T. BRANDON, | ) |
| Defendant. | ) |

## *DECLARATION OF INTEREST*

I, Steven M. Davis, hereby apply to the Court for entry of a default judgment against Defendant and declare as follows:

1. I am counsel for the Plaintiff in the above-styled matter.

2. I prepared the following interest spreadsheet for the debt in question to assist the court in entering a judgment in this matter. The spreadsheet is based on the interest rate found in the certificate of indebtedness provided by the Department of Education and calculates interest through the date of judgment when entered.

3. The following outstanding subsidized loans were placed with DOE on 3/4/2003, and the figures in the first row represent the cumulative amount of transactions that occurred before the Defendant defaulted on his debt. Before default a total of $247.28 in payments was applied. After default a total of $126.02 in Treasury Offsets was applied, interest capitalized and was adjusted by $136.67.



BECKER & POLIAKOFF, P.A. • [...] LOOR • CORAL GABLES, FL 33134

CASE NO.: 1:15-22596-MGC

| Start | End | Interest | Interest | Unpaid Interest | Principal | Balance |
|---|---|---|---|---|---|---|
| 12/10/1997 | 3/4/2003 | VAR | ($585.17) | ($585.17) | ($2,598.09) | ($3,183.26) |
| 3/4/2003 | 6/30/2003 | 4.86% | ($50.01) | ($186.68) | ($3,183.26) | ($3,369.94) |
| 7/1/2003 | 6/30/2004 | 4.22% | ($134.33) | ($321.02) | ($3,183.26) | ($3,504.28) |
| 7/1/2004 | 6/30/2005 | 4.17% | ($132.38) | ($453.40) | ($3,183.26) | ($3,636.66) |
| 7/1/2005 | 6/30/2006 | 6.10% | ($193.51) | ($646.91) | ($3,183.26) | ($3,830.17) |
| 7/1/2006 | 6/30/2007 | 7.94% | ($251.89) | ($772.78) | ($3,183.26) | ($3,956.04) |
| 7/1/2007 | 6/30/2008 | 8.02% | ($255.12) | ($1,027.90) | ($3,183.26) | ($4,211.16) |
| 7/1/2008 | 6/30/2009 | 5.01% | ($158.94) | ($1,186.83) | ($3,183.26) | ($4,370.09) |
| 7/1/2009 | 6/30/2010 | 3.28% | ($104.05) | ($1,290.89) | ($3,183.26) | ($4,474.15) |
| 7/1/2010 | 6/30/2011 | 3.27% | ($103.74) | ($1,394.62) | ($3,183.26) | ($4,577.88) |
| 7/1/2011 | 6/30/2012 | 3.16% | ($100.52) | ($1,495.15) | ($3,183.26) | ($4,678.41) |
| 7/1/2012 | 6/30/2013 | 3.19% | ($101.20) | ($1,596.35) | ($3,183.26) | ($4,779.61) |
| 7/1/2013 | 6/30/2014 | 3.15% | ($99.93) | ($1,696.28) | ($3,183.26) | ($4,879.54) |
| 7/1/2014 | 6/30/2015 | 3.13% | ($99.30) | ($1,795.57) | ($3,183.26) | ($4,978.83) |
| 7/1/2015 | 12/18/2015 | 3.12% | ($46.23) | ($1,841.80) | ($3,183.26) | ($5,025.06) |

4. The following outstanding unsubsidized loan was placed with DOE on 3/4/2003, and the figures in the first row represent the cumulative amount of transactions that occurred before the Defendant defaulted on his debt. Before default, a total of $376.90 in payments was applied. After default a total of $191.66 in Treasury Offsets was applied, interest was capitalized and adjusted by $208.85.

| Start | End | Interest | Interest | Unpaid Interest | Principal | Balance |
|---|---|---|---|---|---|---|
| 12/10/1997 | 3/4/2003 | VAR | ($1,158.82) | ($1,158.82) | ($3,703.88) | ($4,862.70) |
| 3/4/2003 | 6/30/2003 | 4.86% | ($76.40) | ($285.25) | ($4,862.70) | ($5,147.95) |
| 7/1/2003 | 6/30/2004 | 4.22% | ($205.21) | ($490.46) | ($4,862.70) | ($5,353.16) |
| 7/1/2004 | 6/30/2005 | 4.17% | ($202.22) | ($692.68) | ($4,862.70) | ($5,555.38) |
| 7/1/2005 | 6/30/2006 | 6.10% | ($295.61) | ($988.29) | ($4,862.70) | ($5,850.99) |
| 7/1/2006 | 6/30/2007 | 7.94% | ($384.78) | ($1,181.40) | ($4,862.70) | ($6,044.10) |
| 7/1/2007 | 6/30/2008 | 8.02% | ($389.72) | ($1,571.12) | ($4,862.70) | ($6,433.82) |
| 7/1/2008 | 6/30/2009 | 5.01% | ($242.79) | ($1,813.91) | ($4,862.70) | ($6,676.61) |
| 7/1/2009 | 6/30/2010 | 3.28% | ($158.95) | ($1,972.86) | ($4,862.70) | ($6,835.56) |
| 7/1/2010 | 6/30/2011 | 3.27% | ($158.47) | ($2,131.33) | ($4,862.70) | ($6,994.03) |
| 7/1/2011 | 6/30/2012 | 3.16% | ($153.56) | ($2,284.89) | ($4,862.70) | ($7,147.59) |
| 7/1/2012 | 6/30/2013 | 3.19% | ($154.59) | ($2,439.47) | ($4,862.70) | ($7,302.17) |
| 7/1/2013 | 6/30/2014 | 3.15% | ($152.65) | ($2,592.13) | ($4,862.70) | ($7,454.83) |
| 7/1/2014 | 6/30/2015 | 3.13% | ($151.68) | ($2,743.81) | ($4,862.70) | ($7,606.51) |
| 7/1/2015 | 12/18/2015 | 3.12% | ($70.61) | ($2,814.42) | ($4,862.70) | ($7,677.12) |

CASE NO.: 1:15-22596-MGC

5. As of December 18, 2015 there is due and owing to Plaintiff from Defendant the sum of $12,694.33 consisting of $8,045.96 unpaid principal, plus $4,648.37 in interest at the current rate of 3.12%. The $7.85 difference between the total interest reflected on the Certificate of Indebtedness and the total interest calculated in the tables above is a result of adjustments for leap years and differing methods of rounding used by the DOE loan analyst and the debt collection system.

6.   I, Steven M. Davis, do hereby certify under penalty of perjury, pursuant to 28 U.S.C. §1746(2) that the above statements are true and accurate to the best of my knowledge and belief.

Dated: December 31, 2015
Miami, Florida

Respectfully submitted,

_____
Steven M. Davis,
(Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
121 Alhambra Plaza – 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM T. BRANDON,

    Defendant.

CIVIL ACTION

CASE NO.: 3:15-CV-919-J-39MCR

## DECLARATION OF ATTORNEY'S FEES

1. The undersigned is counsel for the Plaintiff herein and has personal knowledge of the facts contained in this Declaration.

2. That he has expended time associated with the Motion for Entry of Default Judgment, was the timekeeper for same, and seeks an award of attorney's fees for work done as follows:

| | |
|---|---|
| Review of documents prior to suit | 0.5 hr. |
| Preparation of Correspondence to the Defendant | 0.5 hr. |
| Preparation and review of Complaint | 1.0 hr. |
| Review of Court Order | 0.2 hr. |
| Review of Clerk's Notice | 0.2 hr. |
| Review and Preparation of Executed Return of Service | 0.2 hr. |
| Preparation of Motion for Entry of Clerk's Default | 0.5 hr. |
| Preparation and filing of Motion for Default Judgment | 1.0 hr. |
| Preparation of Abstract | 0.3 hr. |
| Preparation of Interrogatories and Request for Production in Aid of Execution | 0.5 hr. |
| Total amount of time spent: | 4.9 hrs |

3. Plaintiff's counsel is entitled to attorney's fees pursuant to contract.



EXHIBIT D

4.  The undersigned has fully reviewed the time records and supporting data and this Motion is well grounded in fact and justified.

5.  Plaintiff's counsel has attempted to resolve this matter with the Defendant; however the parties are unable to resolve this issue.

6.  The undersigned's usual and customary fee is $200.00 per hour.

7.  Based on the hours expended, and the undersigned's usual and customary fee, a reasonable award of attorney's fees is requested in the amount of $980.00.

8.  The Plaintiff does not request a hearing on this matter at this time.

9.  I, Steven M. Davis, do hereby certify under penalty of perjury, pursuant to 28 U.S.C. §1746(2) that the above statements are true and accurate to the best of my knowledge and belief.

Dated: December 31, 2015
Miami, Florida

Respectfully submitted,

_____
Steven M. Davis,
(Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
121 Alhambra Plaza – 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

ACTIVE: 7963054_1

| Investigative Process Service, Inc.<br>P. O. Box 3551<br>Orlando, FL 32802-3551<br>Phone: (407) 426-7433<br>Fax: (407) 426-6968<br>Tax No: 20-4558353 | **INVOICE** | Invoice #ILS-2015006108<br>12/22/2015<br><br>Original Date: 8/3/2015 |

Steven M. Davis, Esq. (5)
Becker & Poliakoff, P.A.
121 Alhambra Plaza
10th Floor
Coral Gables, FL 33134

Case Number: Middle 3:15-CV-919-J-39MCR

Plaintiff:
**United States of America**

Defendant:
**William T. Brandon**

Received: 7/20/2015   Served: 7/29/2015 10:30 am   INDIVIDUAL
To be served on: William T. Brandon

### ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee | 1.00 | 45.00 | 45.00 |
| Tax | 1.00 | 6.50% | 0.00 |
| **TOTAL CHARGED:** | | | **$45.00** |
| **BALANCE DUE:** | | | **$45.00** |

ORIGINAL AFFIDAVIT OF SERVICE IS ATTACHED FOR FILING WITH THE COURT.

Copyright © 1992-2011   [tabbies] olbox V6.5m

**EXHIBIT E**



# William D. Ford Federal Direct Loan Program
## U.S. Department of Education

OMB No. 1840-0667
Form Approved
Exp. Date 12/31/99

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form shall be subject to penalties which may include fines, imprisonment or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

**Federal Direct Stafford/Ford Loan**
**Federal Direct Unsubsidized Stafford/Ford Loan**
**Promissory Note and Disclosure**

### Section A: To Be Completed By The Borrower

1. Name (last, first, middle initial) and Address (street, city, state, zip code)

    BRANDON, WILLIAM T

2. Social Security Number
3. Date of Birth
4. Area Code/Telephone Number
5. Driver's License Number

6. References: You must list two persons with different U.S. addresses who have known you for at least three years. The first reference should be a parent or legal guardian.

    Name: 1. Adell Brandon    2. Dexter & Christy Hickles
    Permanent Address
    City, State, Zip Code
    Area Code/Telephone Number

### Section B: To Be Completed By The School

7. School Name: ADVANCED CAREER TRAINING
8. Loan Period Approved: From 06/02/1997 To 12/26/1997
9. School Address: ONE CORPORATE SQ STE 110, ATLANTA, GA 30329
10. School Code/Branch: G25027

The chart below shows anticipated disbursement amounts and dates. Actual amounts and dates may vary. The interest rate for this note is variable.

| | | Anticipated Disbursement Dates | Loan Amount Approved | Loan Fee Rate | Loan Fee Amount | Net Disbursement Amount | |
|---|---|---|---|---|---|---|---|
| Direct Subsidized Loan | 1st | 07/02/1997 | $ 875 | 4.00 | $ 35 | $ 840 | VARIABLE |
| | 2nd | 08/08/1997 | $ 875 | 4.00 | $ 35 | $ 840 | |
| | 3rd | 10/17/1997 | $ 875 | 4.00 | $ 35 | $ 840 | |
| | 4th | | | | | | |
| | Total | | $ 2625 | | $ 105 | $ 2520 | |
| Direct Unsubsidized Loan | | | | | | | |
| | Total | | | | | | |

I promise to pay the U.S. Department of Education all sums (hereafter "loan" or "loans") disbursed under this Promissory Note plus interest and other fees which may become due, as provided in this Promissory Note. If I fail to make payments on this Promissory Note when due, I will also pay collection costs including attorney's fees and court costs. I understand that I may cancel or reduce the size of my loan by refusing any disbursement that is issued to me. I certify that the total amount of loan that I receive under this Promissory Note will not exceed the allowable annual maximum or cumulative maximum under the Higher Education Act of 1965, as amended.

I understand that this is a Promissory Note. I will not sign this Promissory Note before reading it, even if I am advised not to read this Promissory Note. I am entitled to an exact copy of this Promissory Note and a Statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand and agree to the terms and conditions of this Promissory Note. My signature on this Promissory Note will serve as my authorization for my loan proceeds to be credited to my student account by the school identified in Section B.

Under penalty of perjury, I certify that the information contained in the Borrower Section of this Promissory Note is true and accurate. The proceeds of this loan will be used for authorized educational expenses at the certifying school for the specified loan period. I certify that I do not owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including National Defense Student Loans) or the Federal Family Education Loan Program, or Direct Loan Program, or if I am in default, I have made repayment arrangements that are satisfactory to the Secretary of the Department of Education.

**I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.**

11. Identification Number(s)

    424199620-S-97-G25027-001   01

12. Signature of Borrower / Date

424199620S97G25027001                     2625       06/24/1997
                                                     13:30:47

RECEIVED JUL 2 8 1997



EXHIBIT F

**Direct Loans** — William D. Ford Federal Direct Loan Program
U.S. Department of Education

OMB No. 1840-0667
Form Approved
Exp. Date 12/31/99

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form shall be subject to penalties which may include fines, imprisonment or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

Federal Direct Stafford/Ford Loan
Federal Direct Unsubsidized Stafford/Ford Loan
Promissory Note and Disclosure

### Section A: To Be Completed By The Borrower

1. Name (last, first, middle initial) and Address (street, city, state, zip code)

   BRANDON, WILLIAM T.

2. Social Security Number
3. Date of Birth
4. Area Code/Telephone Number
5. Driver's License Number (List state abbreviation first.)

6. References: You must list two persons with different U.S. addresses who have known you for at least three years. The first reference should be a parent or legal guardian.

   Name: 1. Adell Brandon    2. Dexter & Christy Hickles
   Permanent Address:
   City, State, Zip Code:
   Area Code/Telephone Number:

### Section B: To Be Completed By The School

7. School Name: ADVANCED CAREER TRAINING
8. Loan Period Approved: From 06/02/1997 To 12/26/1997
9. School Address: ONE CORPORATE SQ STE 110, ATLANTA, GA 30329
10. School Code/Branch: G25027

The chart below shows anticipated disbursement amounts and dates. Actual amounts and dates may vary. The interest rate for this note is variable.

| | Anticipated Disbursement Dates | Loan Amount Approved | Loan Fee Rate | Loan Fee Amount | Net Disbursement Amount | |
|---|---|---|---|---|---|---|
| Direct Subsidized Loan | | | | | | |
| Total | | | | | | |
| Direct Unsubsidized Loan 1st | 07/02/1997 | $ 1248 | 4.00 | $ 49 | $ 1199 | VARIABLE |
| 2nd | 08/08/1997 | $ 1248 | 4.00 | $ 49 | $ 1199 | |
| 3rd | 10/17/1997 | $ 1249 | 4.00 | $ 49 | $ 1200 | |
| 4th | | | | | | |
| Total | | $ 3745 | | $ 147 | $ 3598 | |

I promise to pay the U.S. Department of Education all sums (hereafter "loan" or "loans") disbursed under this Promissory Note plus interest and other fees which may become due, as provided in this Promissory Note. If I fail to make payments on this Promissory Note when due, I will also pay collection costs including attorney's fees and court costs. I understand that I may cancel or reduce the size of my loan by refusing any disbursement that is issued to me. I certify that the total amount of loan that I receive under this Promissory Note will not exceed the allowable annual maximum or cumulative maximum under the Higher Education Act of 1965, as amended.

I understand that this is a Promissory Note. I will not sign this Promissory Note before reading it, even if I am advised not to read this Promissory Note. I am entitled to an exact copy of this Promissory Note and a Statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand and agree to the terms and conditions of this Promissory Note. My signature on this Promissory Note will serve as my authorization for my loan proceeds to be credited to my student account by the school identified in Section B.

Under penalty of perjury, I certify that the information contained in the Borrower Section of this Promissory Note is true and accurate. The proceeds of this loan will be used for authorized educational expenses at the certifying school for the specified loan period. I certify that I do not owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including National Defense Student Loans) or the Federal Family Education Loan Program, or Direct Loan Program, or if I am in default, I have made repayment arrangements that are satisfactory to the Secretary of the Department of Education.

I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.

11. Identification Number(s):

    424199620-U-97-G25027-001   01

12. Signature of Borrower: /s/ William T. Brandon    Date:

RECEIVED JUL 28 1997

424199620U97G25027001       3745

13:30:49
SERVICER COPY

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 3:15-CV-919-J-39MCR

UNITED STATES OF AMERICA,   )
                            )
    Plaintiff,               )
                            )
v.                          )
                            )
WILLIAM T. BRANDON          )   **DECLARATION FOR ENTRY OF**
                            )   **DEFAULT JUDGMENT**
    Defendant.              )
_____)

Steven M. Davis, hereby applies to the Court for entry of a default judgment against Defendant and declares as follows:

1. I am private counsel for the Middle District of Florida and in that capacity have been assigned to represent the interests of Plaintiff in the above captioned matter.

2. I hereby make application to this Court for entry of a default judgment as to Defendant, William T. Brandon, pursuant to Rule 55(a), Federal rules of Civil Procedure and in support of this application state as follows:

a) The defendant was personally served with copies of Plaintiff's Summons and Complaint as provided by Rule 4(c)(1), Federal Rules of Civil Procedure.

b) The Defendant is neither an infant nor an incompetent person requiring special service in accordance with Rule 4(g), Federal Rules of Civil Procedure, and is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. App. Section 520.

c) The Defendant has neither answered nor otherwise responded formally to the Plaintiff's Summons and Complaint, and the time to do so has expired, pursuant to Rule

12(a), Federal Rules of Civil Procedure.

d) Defendant's default was entered by the Clerk of the Court on September 17, 2015.

3. The amount owed by Defendant as of December 18, 2015 is calculated as follows:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| 2011A61149 | 3.12% | $8,045.96 | $4,648.37 | $12,694.33 |
| Fee for Service | | | | $45.00 |
| Attorney's Fees | | | | $980.00 |
| Total | | | | $13,719.33 |

The Government is entitled to attorney's fees under the Higher Education Act of 1965, 20 U.S.C §1071 et seq., (the "Act"). The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay... reasonable collection costs." 20 U.S.C. § 1091a(b)(1); *United States v. Vilus*, 419 F. Supp.2d 293, 296-97(E.D.N.Y. 2005). One of the statute's implementing regulations specifies that "[i]f a borrower defaults... the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 685.202(e)(2). In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include...[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8).

4. Defendant is not entitled to any credits to his account from the date the complaint was filed until date hereof.

WHEREFORE, Plaintiff requests the Court to enter the judgment against Defendant and in favor of Plaintiff in the amount of $13,719.33, plus applicable through the date of judgment, plus costs and attorneys fees and post judgment interest at the legal rate pursuant to 28 U.S.C. §1961.

I, Steven M. Davis, do hereby certify under penalty of perjury, pursuant to 28 U.S.C. §1746(2) that the above statements are true and accurate to the best of my knowledge and belief.

Dated: December 31, 2015
Miami, Florida

Respectfully submitted,

_____
Steven M. Davis,
(Florida Bar No. 894249)
Email: sdavis@becker-poliakoff.com
121 Alhambra Plaza – 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
Attorneys for Plaintiff United States of America

ACTIVE: 7969854_1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO.: 3:15-CV-919-J-39MCR

UNITED STATES OF AMERICA, )
)
       Plaintiff, )
v. )
)
WILLIAM T. BRANDON, )
) **DEFAULT FINAL JUDGMENT**
       Defendant. )
_____)

    This matter having come before the Court upon Plaintiff, United States of America's Motion for Entry of Default Final Judgment against defendant, William T. Brandon, and the Court having reviewed the pleadings submitted on behalf of the Plaintiff, and having further noted the entry of default as to the defendant for failure to answer or otherwise plead to the Summons and Complaint served by the plaintiff, and for good cause shown, it is hereby

    ORDERED AND ADJUDGED that judgment is hereby entered in favor of Plaintiff, the United States of America, and against Defendant, William T. Brandon, upon the Complaint herein, and it is further

    ORDERED AND ADJUDGED that Plaintiff recover of the defendant, William T. Brandon, the following sums of money through December 18, 2015 for all of which sums let execution issue:

| Claim number | Interest rate | Principal | Interest | Total |
|---|---|---|---|---|
| 2011A61149 | 3.12% | $8,045.96 | $4,648.37 | $12,694.33 |
| Fee for Service | | | | $45.00 |
| Attorney's Fees | | | | $980.00 |
| Total | | | | $13,719.33 |

Supporting documentation for principal and interest is attached as Exhibit "B" and "C" to Plaintiff's Motion for Entry of Default Final Judgment. A Fee for Service and Travel is authorized pursuant to 28 U.S.C §1921 of $25.00, according to Exhibit "E". Attorney's fees of $1,040.00 are itemized in Exhibit "D".

The Government is entitled to attorney's fees under the Higher Education Act of 1965, 20 U.S.C §1071 et seq., (the "Act"). The Act provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1); United States v. Vilus, 419 F. Supp.2d 293, 296-97(E.D.N.Y. 2005). One of the statute's implementing regulations specifies that "[i]f a borrower defaults…the Secretary [i.e., the Government] assesses collection costs on the basis of 34 C.F.R 30.60." 34 C.F.R. § 685.202(e)(2). In turn, 34 C.F.R. § 3060 provides that the Government "may charge a debtor for the costs associated with the collection of a particular debt [i.e., a defaulted student loan]. These costs include…[c]ourt costs and attorney fees." 34 C.F.R § 30.60(a)(8) for all of which sums let execution issue. It is further

ORDERED AND ADJUDGED that this judgment shall bear interest at the rate as prescribed by 28 U.S.C. §1961, and shall be enforceable as prescribed by 28 U.S.C. § 2001, et seq., 28 U.S.C. § 3001-3307, and Rule 69(a), Federal Rules of Civil Procedure. Plaintiff's address is: Becker & Poliakoff P.A., 121 Alhambra Plaza 10th Floor, Coral Gables, FL 33134 and U.S. Department of Education 50 Beale St., Suite 8601 San Francisco, CA 94105. Defendant's address is: 3140 Tall Pine Lane West, Apartment #8, Jacksonville, FL 32277.

DONE AND ORDERED in Chambers, in_____, FL, this ___day of _____, 2015.

_____
BRIAN J. DAVIS
UNITED STATES DISTRICT JUDGE

cc: Steven M. Davis, Esq. (Two Certified Copies)
William T. Brandon, Pro Se

ACTIVE: 7969862_1