UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                    CASE NO. 3:15-cv-919-J-39MCR

WILLIAM T. BRANDON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment ("Motion") (Doc. 13).[2]  For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED**.

**I.  Background**

On July 27, 2015, Plaintiff filed its Complaint against Defendant asserting a claim for indebtedness.  (Doc. 1.)  Attached to and referenced in the Complaint is

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

[2] The Motion was served on Defendant on December 31, 2015.  (Doc. 13 at 4.)  To date, Defendant has not filed a response to the Motion and the time for filing a response has passed.  Therefore, the undersigned will treat the Motion as unopposed.

a Certificate of Indebtedness from the United States Department of Education. (*Id.*) The Complaint alleges that Defendant owed Plaintiff a total of $12,625.86, plus accruing interest. (*Id.*) The Complaint also alleges that a demand for payment has been made, but Defendant neglected and refused to pay the debt. (*Id.*)

Plaintiff effected service of process on Defendant on July 29, 2015. (Doc. 5.) As Defendant failed to appear in the case, Plaintiff filed an Application and Declaration for Entry of Defendant's Default on September 16, 2015. (Doc. 7.) The Clerk of Court entered a default against Defendant on September 17, 2015. (Doc. 8.) Plaintiff now seeks the entry of a default judgment against Defendant in the amount of $12,694.33, which includes $8,045.96 in principal, $4,648.37 in interest accrued as of December 18, 2015, $980.00 in attorney's fees, $45.00 in costs, plus pre-judgment interest beginning to accrue on December 18, 2015 through the date of judgment at the rate of 3.1200% per year through June 30, 2016, and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961. (Doc. 13.)

## II.     Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed.R.Civ.P. 55(a). Second, after receiving

the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed.R.Civ.P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Costr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short

and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  *See* Fed.R.Civ.P. 8(a).  A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

In addition, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must also comply with § 521 of the Servicemembers Civil Relief Act ("SCRA"), which requires, *inter alia*, the filing of an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. App'x § 521(b)(1).

Here, as part of the Application and Declaration for Entry of Defendant's Default, Plaintiff submitted a Non-Military Status Affidavit indicating that Plaintiff's counsel requested information regarding Defendant's military status from the Defense Manpower Data Center website and received a written response, which is attached to the Affidavit, that Defendant is not in the military service.  (Doc. 7 at

4-7.) The Affidavit and accompanying documentation satisfy the requirements of § 521 of the SCRA.

### III. Analysis

#### A. Jurisdiction and Liability

Upon review of the Complaint, the undersigned finds that a sufficient factual basis exists for a default judgment to be entered. As an initial matter, the Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1345 because this is a civil action commenced by the United States. (*See* Doc. 1 at 1.)

Further, the Complaint adequately states a claim for default on a student loan. "In order for judgment to be entered in favor of the United States, it must prove that (1) defendant executed the note; (2) the United States is the present holder of the note; and (3) the note is in default." *United States v. Bauer*, 2010 WL 1742083, *3 (M.D. Fla. Apr. 12, 2010) (report and recommendation adopted by *United States v. Bauer*, 2010 WL 1742079, *1 (M.D. Fla. Apr. 30, 2010)).

Although the Complaint does not explicitly allege the above-stated elements, the Certificate of Indebtedness, attached to and referenced in the Complaint, provides in relevant part:

> I certify that U.S. Department of Education records show that the borrower named above [William T. Brandon] is indebted to the United States in the amount stated below plus additional interest from 04/28/2011.
>
> On or about 07/16/97, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 and $3,745.00 from the U.S. Department

5

> of Education.  This loan was disbursed for $2,625.00 on 07/16/97 through 12/10/97 and $3,745.00 on 07/16/97 through 12/10/97, at a variable rate of interest to be established annually. . . . The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 03/04/03.  Pursuant to 34 C.F.R. § 685.202(b), a total of $1,743.99 in unpaid interest was capitalized and added to the principal balance.
>
> The Department has credited a total of $958.86 in payments from all sources, including Treasury Department offsets, if any, to the balance.  After application of these payments, the borrower now owes the United States the following:
>
> | | |
> |---|---|
> | Principal: | $8,045.96 |
> | Interest: | $3,474.87 |
> | Total debt as of 04/28/11: | $11,520.83 |
>
> Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $0.72 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e.

(Doc. 1 at 3.)

Based on the foregoing, Plaintiff has adequately alleged that Defendant has executed the promissory notes, which are in default, and the United States is the holder of the notes.  The Complaint also adequately states a demand for relief.  (Doc. 1 at 2.)  Based on these allegations, which are deemed admitted, Plaintiff has stated a claim for which relief may be granted.  In addition, as stated earlier, Plaintiff has complied with § 521 of the SCRA.  Therefore, Defendant's liability for purposes of a default judgment has been established.

### B. Damages

"[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam). *See also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, courts have wide discretion in determining whether a hearing on damages is necessary. *Diversified Fin. Sys., Inc. v. Tomich Corp.*, 1997 WL 177873, *3 (E.D.N.Y. Mar. 18, 1997). And "courts have found that it is not necessary to conduct a hearing and that damages may be determined by way of affidavit and other documentary evidence" in "cases involving default judgments and promissory notes." *Maloney v. Disciples Ltd., LLC*, 2007 WL 1362393, *2 (M.D.N.C. May 8, 2007).

The undersigned finds that an evidentiary hearing is not necessary in this case because the record is sufficient to calculate the amount of damages. The Motion and supporting materials, including the updated Certificate of Indebtedness, the Declaration of Interest, the Declaration of Attorney's Fees, and the Declaration for Entry of Default Judgment, establish that Defendant owes Plaintiff a total of $12,694.33, which includes $8,045.96 in principal, $4,648.37 in interest accrued as of December 18, 2015, $980.00 in attorney's fees,[3] $45.00 in

---

[3] Plaintiff's counsel spent 4.9 hours on the case at an hourly rate of $200.00. Both the hourly rate and the number of hours spent are reasonable. Further, Plaintiff
(continued...)

7

costs.[4]  Because Plaintiff has adequately established the amount of and its entitlement to damages, attorney's fees, and costs, the undersigned recommends that a final default judgment be entered in the amount of $13,719.33, plus pre-judgment interest at the rate of 3.1200% per year beginning to accrue on December 18, 2015 through the date of judgment, and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 13**) be **GRANTED**.

2. The Clerk of Court be **DIRECTED** to enter judgment in favor of Plaintiff and against Defendant in the following amounts:

    a. $8,045.96 in principal;

    b. $4,648.37 in interest accrued as of December 18, 2015;

    c. $1,025.00 in attorney's fees and costs;

    d. Pre-judgment interest accruing on the total principal amount at the rate of 3.1200% per year beginning on December 18, 2015 through the date of judgment; and

    e. Post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

---

[3](...continued) has established its entitlement to fees and costs in accordance with 20 U.S.C. § 1091a(b)(1), 34 C.F.R. § 30.60(a)(8).

[4] Costs for service of process are recoverable pursuant to 28 U.S.C. § 1920(1).

    3.    The Clerk of Court be further **DIRECTED** to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on March 25, 2016.

*/s/ Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Brian J. Davis
United States District Judge

Counsel of Record

William T. Brandon
3140 Tall Pine Lane West, Apt. 8
Jacksonville, FL 32277